WHITE, J.,
stated the Case, and delivered the opinion of the Court:
At the June Term, 1821, of the Superior Court of Chesterfield, the Grand Jury presented Beverly T. Wells, for selling ardent spirits, without license; and a Summons issued to shew cause why an Information should not be filed on the said Presentment. It was returned executed at the next Term, and the said Wells failing to appear, íeave was given to file the Information, which was accordingly done. The Information, instead of charging him with selling ardent spirits without license, charged him with selling without license, and by retail, divers articles of merchandize, of foreign growth and manufacture. To which Information the said Wells appeared, and without making any objection to the previous proceedings, pleaded “not guilty on which plea issue was joined. Verdict and judgment were rendered for the Commonwealth. The said Wells prays for a Writ of Error, because the Information charges an offence different and distinct from that charged by the Presentment; because no leave was granted to the Attorney for the Commonwealth to file such Information ; and because no affidavit, or other testimony, had been furnished to the said Court, that the Defendant was guilty of selling or retailing merchandize of foreign growth and manufacture, before or at the time of filing the said Information.
Whatever advantage the said Wells might have taken of the said supposed errors, or any of them, it is /the opinion of all the Judges, that after an a'ppearance, and the plea of “not guilty” pleaded, and more especially after issue joined on that plea, and verdict found for the Commonwealth, it is too late to avail himself of any of them. This principle is understood to have been settled by this Court in the Case of The Commonwealth v. James Chalmers, ante, p. 76.